UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KAIMONDRE OWES | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-mc-00270-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON MOTION TO PREVENT GOVERNMENT ACCESS TO FINANCIAL RECORDS**

A customer of a financial institution, facing investigation for potential fraud, moves the Court pursuant to 12 U.S.C. § 3410 for an order preventing the Government from obtaining access to his financial records. The Court dismisses the motion without prejudice pursuant to 12 U.S.C. § 3410(a) because the customer failed to meet the statutory requirement of showing either that the financial records sought were not relevant to the legitimate law enforcement inquiry or that the Government failed to substantially comply with the provisions of the Right to Financial Privacy Act of 1978.

**I.   BACKGROUND**

In June 2023, the Government sent Kaimondre Jones a letter notifying him that his Paycheck Protection Program (PPP) loans were being investigated for potential fraud. On August 16, 2023, pursuant to the False Claims Act (FCA), 31 U.S.C. § 3729, *et seq.*, the Government issued a civil investigative demand to Mr.

Owes and Fundbox, Inc., a financial institution associated with him, to determine whether Mr. Owes violated the FCA through his participation in the PPP.

In response to these demands, on September 5, 2023, Mr. Owes moved the Court "for an order preventing the government from obtaining access to [his] financial records." *Mot. for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978* (ECF No. 1) (*Pl.'s Mot.*). In support of his motion, Mr. Owes submitted a sworn statement that claimed the financial records sought by the Government were "not relevant to a legitimate law enforcement inquiry stated in the Customer Notice sent to [him] because of error." *Id.* Attach. 1 at 1 (*Owes Aff.*).

## II.   LEGAL STANDARD

The Right to Financial Privacy Act of 1978 (RFPA), 12 U.S.C. § 3401 *et seq.*, the statute that Mr. Owes invokes, protects customers of financial institutions from the government obtaining their financial records without adhering to certain procedural safeguards and giving the customer both notice and an explanation of the purpose of the inquiry. 12 U.S.C. §§ 3402, 3407-10. The RFPA also requires financial institutions to certify compliance with the statute before releasing the customer's financial records. 12 U.S.C. § 3403(b).

The RFPA allows customers to challenge a government demand pursuant to 12 U.S.C. § 3410(a). To challenge the government demand successfully, the customer must file a motion to quash or to enjoin the government from accessing the records along with a sworn statement declaring the applicant is the relevant customer and the applicant's "reasons for believing that the financial records sought are not

relevant to the legitimate law enforcement inquiry," that "there has not been substantial compliance with the provisions of [the RFRA]," or both.  12 U.S.C. § 3410(a)(2).

When a customer files such a motion, courts determine if the "customer has complied with subsection (a)." 12 U.S.C. § 3410(b).  Compliance requires sufficiently establishing some evidence that justifies a decision in the movant's favor.  *H.R. Rep. No.* 1383, 9th Cong., 2d Sess. 53-54, 1978 U.S.C.C.A.N. 9273, 9325 ("all customers need to do is make an initial showing that access may be improper . . . This section does not require a detailed evidentiary showing . . .. However, it does require the customer to state facts to support his position"); *Hancock v. Marshall*, 86 F.R.D. 209, 210-11 (D.D.C. April 9, 1980) ("Indeed, the Court is left guessing . . .. The relevant legislative history is clear in its intention to require adjudication of a customer's motion only when his affidavit present a prima facie case of impropriety").  Courts agree that the movant "has the initial burden of presenting a prima facie case that government access to his financial records would be improper." *Salm v. NLRB*, No. 08-MC-0124(JS), 2009 U.S. Dist. LEXIS 62447, at *2 (E.D.N.Y. July 20, 2009) (quoting *Panaro v. United States SEC*, No. 86-cv-4122, 1987 U.S. Dist. LEXIS 16810, at *3-4 (E.D.N.Y. Aug. 4, 1987)); *accord Galloway v. United States DOT Office of Inspector Gen.*, No. 1:19-mc-0101, 2019 U.S. Dist. LEXIS 159070, at *10 (N.D. Ohio Sept. 18, 2019).

## III. DISCUSSION

Here, Mr. Owes filed a motion to enjoin the government from accessing the records and submitted a sworn statement. While Mr. Owes' statement indicates he is the relevant customer, it does not meet the latter two requirements. He does not offer any indication that the government has not substantially complied with the procedural safeguards of the RFPA. In fact, he leaves blank the part of his form motion that addresses substantial compliance with the RFPA. *Owes Aff.* at 1. There is no evidence or argument that Mr. Owes did not receive valid notification or that he is otherwise claiming that the Government failed to substantially comply with the RFPA.

This leaves Mr. Owes' cryptic assertion that the Government sent the Customer Notice to him "because of error." *Id.* Beyond this assertion, Mr. Owes does not attempt to argue that his financial documents are "not relevant to the legitimate law enforcement inquiry." Other than claiming error, Mr. Owes does not say or hint what the error is. Mr. Owes' uncorroborated assertion is conclusory, not evidence, and it fails to meet the low threshold of showing that the Government's access may be improper. The Court, therefore, dismisses without prejudice Mr. Owes' motion to prevent the Government from obtaining access to his financial records. *See Allison v. United Staters DOJ Privacy Act of 1978*, Nos. 7:15mc00017& 7:15-mc00018, 2015 U.S. Dist. LEXIS 105653, at *4 (W.D. Va. Aug. 12, 2015) ("[I]f 'there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable

belief that the records sought are relevant to that inquiry,' the court must deny the motion to quash") (citing 12 U.S.C. § 3410(a)).

## IV. CONCLUSION

The Court DISMISSES without prejudice Mr. Owes' Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2023.